UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LELAND JIM, THERESA JIM, Individually
and as Personal Representatives of the Estate of Timothy
Jim, Individually and as Parents and Next Friends of
Daniel Jim, Sharon Jim, Adam Jim (minors)
and Chericia Jim**,

        Plaintiffs,

        v.                                                              **CIV NO. 04-1195 JP/DJS**

**GIANT FOUR CORNERS, INC.**,

        Defendant.

## RECOMMENDATION

**THIS MATTER** comes before the Court *sua sponte*. On September 21, 2005, a hearing was held regarding the fairness and adequacy of the proposed settlement of this case. The Court heard presentations by counsel and considered the report and representations of the minor plaintiffs' Guardian *Ad Litem*, Peter Johnstone, Esq.. The report of the Guardian *Ad Litem* was filed on October 19, 2005 (Docket No. 41).

This suit seeks damages based upon claims of personal injury and wrongful death resulting from Defendant negligently serving alcohol to an intoxicated person. That person, Albert Sam, crashed into Plaintiffs and Plaintiffs' decedent in a highway accident on US Highway 64. The decedent, Timothy Jim, was the minor sibling of Sharon Jim and Adam Jim, the minors for whom

1

approval of the settlement is now sought. Defendant denies liability for Plaintiffs' injuries and asserts that any alcohol it sold Albert Sam was not consumed by him and so could not have contributed to his intoxication level at the time of the accident.

The proceeds of the settlement of this case are to be divided between each of the Plaintiffs, with the bulk of the money to go to the parents of the decedent. Further, attorney's fees will consume one-third of the settlement. The minor Plaintiffs, age ten and twelve, will receive twenty percent of the total recovery, as will their adult siblings. The Court agrees that this division of the proceeds is appropriate given the parties' respective claims.

The sums going to the minor Plaintiffs, Adam Jim and Sharon Jim, will be invested in annuities to provide sums certain on their eighteenth and twenty-fifth birthdays. The investments will substantially increase the return to the minor Plaintiffs and will provide them with funds at adulthood and later in their majority. This allocation of the funds appears to be in the minor Plaintiff's best interests given their current support by their parents.

Plaintiffs' counsel represented Plaintiffs pursuant to a contingent fee and will receive one third of the settlement pursuant to that contract. After review of the file and of the pleadings, this Court finds that the sum to be paid Plaintiffs' counsel is reasonable and appropriate for the nature of the case and the work performed in pursuing the action. Counsel's efforts were instrumental in obtaining the settlement. Taking into account Mr. Johnstone's recommendation and in light of the use which will be made of the settlement funds, this Court finds that the settlement is in the best interest of the child. Given the facts of the case and the possibility of recovery, the settlement is reasonable and its distribution is the best provision for the minor Plaintiffs' needs.

**IT IS THEREFORE RECOMMENDED** that the Court approve the terms of the settlement

and enter an order dismissing this action upon its terms.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**